UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-01098 MMM (AJWx) | Date | May 20, 2010 |

| | |
|---|---|
| Title | *Christopher York et al. v. Federal Deposit Insurance Corporation* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff : | Attorneys Present for Defendant : |
|---|---|
| None | None |

**Proceedings:**  **Order Dismissing Action for Failure to Serve**

On August 20, 2009, defendant Federal Deposit Insurance Corporation ("FDIC") filed a motion to dismiss this action for improper service or, in the alternative, for an order directing *pro se* plaintiffs Dennis Jay and Lucille Ash Levin to effect proper service by a date certain. On March 25, 2010, the court granted the FDIC's motion in part.[1] The court explained the procedures governing service of process set forth in Rule 4(i) of the Federal Rules of Civil Procedure and noted that plaintiffs had yet to serve defendant properly.[2]

The court directed the plaintiffs to "(1) personally service the United States Attorney for the district in which the action is brought [U.S. Attorney Thomas P. O'Brien, United States Attorney's Office, Central District of California, 1200 U.S. Courthouse, 312 North Spring Street, Los Angeles, CA 90012] **or** send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's office [Civil Process Clerk, United States Attorney's Office, Central District of California – Civil Division, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, CA 90012]; **and** (2) send a copy of the summons and complaint by

---

[1] See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Ordering Plaintiffs to Effect Service By a Date Certain ("Service Order"), Docket No. 17, (Mar. 25, 2010).

[2] Service Order at 13 ("There is no evidence that the plaintiffs have served any of the parties named above. Rule 4(m) requires that service be effected on all defendants within 120 days of the filing of the complaint; if it is not, the court may dismiss the action without prejudice.").

registered or certified mail to the Attorney General in Washington, D.C. [Attorney General Eric Holder, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530]; *and* (3) send a copy of the summons and complaint by registered or certified mail to the agency defendant [FDIC c/o Robert E. Feldman, Executive Secretary, Federal Deposit Insurance Corporation, 550 17th Street, N.W., Washington, D.C. 20429]."[3]

The court stated that, under Rule 4(m), plaintiffs had 120 days from the date they filed their complaint in February 2009 to effect service. As that time period had already expired, the court exercised its discretion to grant plaintiffs an extension of time to complete proper service. It directed them to do so no later than April 13, 2010.[4]

To date, plaintiffs have not filed a proof of service indicating that they have complied with Rule 4(i). In its prior order, the court warned plaintiffs that noncompliance would lead to dismissal without further notice. Despite this warning, and several extensions, plaintiffs have not effected service on defendant. Accordingly, the court dismisses the action without prejudice for failure to effect timely service under Rule 4.

---

[3] *Id.* at 11–14.

[4] *Id.* at 14.